NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FERDINAND RIEHMAN, PETITIONER, v. FERDINAND
HOCH, RESPONDENT.

For the petitioner, *George W. Allgair*.

For the respondent, *Frank Turner*.

The petitioner in his own behalf testified that on the 12th day of March, 1929, while employed by the respondent as a painter, he scratched his finger on a board, and that thereafter, to wit, on the 13th day of March, 1929, while working for the respondent, some particles of steel wool got into the wound made on the previous day; that thereafter he continued to work for the respondent not seriously bothered by any pain in his thumb except for a sensation which he described as an itching up to the 15th of April, 1929, on which date it was necessary for the petitioner to seek medical attention. Petitioner testified that he notified his employer as to the injury sustained by him and as his employer told him to secure whatever medical care and attention it was necessary for him to have in the treatment of his injury the petitioner further testified that he secured the services of Dr. Benjamin Borow, a physician of Bound Brook, and that he was treated by him over a period approximately seven weeks, and that approximately five days of that time he was confined in the Bound Brook Hospital.

Petitioner while employed by the respondent as a painter

was earning a salary of $44 per week, and on the 1st day of April went to work for the respondent as manager in respondent's delicatessen business at a salary of $25 per week plus a share of fifty per cent. of the profits derived from the business. Petitioner was, according to his testimony, incapacitated for a period of seven weeks as a result of his injury and also according to his testimony incurred bills as follows: For medical attention, $99; for hospital care, $59; for medicine, $15.

Dr. Benjamin Borow, a witness, produced in behalf of the petitioner, testified that the petitioner on the 15th day of April, 1929, was suffering from an infection in the thumb; that the infection had existed for several weeks and that it was probably caused in the manner testified by the petitioner. Dr. Borow also stated that a reasonable charge for the services rendered to the petitioner was the sum of $99 for the medical treatment, the sum of $59 for hospital care and attention, and the sum of $15 for medicine.

The respondent produced no witnesses in its behalf except a Mr. Miller, an adjustor of the Constitution Indemnity Company, through whom it offered in evidence statements signed by the petitioner and claim to have been made by him to Mr. Miller. This statement as submitted by Mr. Miller claims that the petitioner did not know the manner in which his injury happened or the date upon which the same occurred, and also a statement to the effect that the petitioner was a partner with the respondent in the conduct of the delicatessen business, the contents of this instrument so far as herein related the petitioner denied.

I am satisfied after a consideration of the entire evidence in this case that the petitioner sustained an injury on the 12th day of March, 1929, that as a result of said injury petitioner's thumb became infected, that the respondent consented to and authorized the rendition of the necessary medical services to the petitioner.

\*       \*       \*       \*       \*       \*       \*

CHARLES E. CORBIN,
*Deputy Commissioner.*